A. J. MAY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—474.]

**Criminal Law—Shooting with Intent to Kill.**

If the accused did the shooting under circumstances from which he had reasonable grounds to believe and did believe that he was in danger of losing his life or of suffering great bodily harm at the hands of the person shot, the accused is justified and acted in self-defense.

**Inadmissible Evidence.**

Evidence in a case where the defendant is accused of shooting with intent to kill, and is seeking to defend on the ground of self-defense, is inadmissible on behalf of the state, when such evidence tends only to show what might appear to the jury to be reasonable belief of great bodily danger instead of what should appear reasonable belief of danger on the part of the accused. In such a case it is

not an inquiry as to what the danger actually was, but what, under the circumstances, it appeared to be to the accused.

## APPEAL FROM FAYETTE CIRCUIT COURT.

### December 17, 1881.

OPINION BY JUDGE HINES:

This proceeding is on an indictment charging malicious shooting and wounding with intent to kill, and resulted in a verdict and judgment of guilty, fixing the punishment at confinement in the penitentiary for four years.

The evidence tended to show that a short time prior to the shooting appellant and Ferguson, the person shot, had an altercation, during which Ferguson asked for a pistol to defend himself from the assault being made by appellant, and that the parties separated, each in quest of guns. No one appears to have been sufficiently near the place of shooting to tell what occurred between appellant and Ferguson at that time. Ferguson and other witnesses were permitted to testify that, immediately after the first difficulty and before the shooting, Ferguson was offered a pistol to defend himself against the threatened assault by appellant and that Ferguson, in substance, said he didn't want the pistol, that the trouble was all over, and that appellant would apologize in the morning. These remarks of Ferguson were not communicated to appellant. The principal inquiry is as to the competency of the evidence, and whether it was prejudicial to appellant.

The inquiry then is, With what mind did appellant do the shooting? Was it done in malice, in sudden heat and passion, or without malice, without passion and in self-defense? Any evidence that would tend to throw light upon the intention with which the shooting was done would be competent upon these issues, but as the facts testified to, in reference to the statements of Ferguson, were not communicated to appellant they in no way tend to show the intent with which the shooting was done, and were therefore incompetent. The evidence shows that the circumstances surrounding the shooting were such that the jury were authorized to find malicious shooting, shooting in sudden heat and passion, or shooting in self-defense.

The law of self-defense is that if the accused did the shooting

under circumstances from which he had reasonable grounds to believe and did believe that he was then in danger of losing his life or of suffering great bodily harm at the hands of the person shot, the accused was justified.    The evidence objected to was in conflict with this rule, in that it tended, when considered in connection with the instructions hereafter to be referred to, to substitute what might appear, on the part of the jury, to be rea- . sonable belief of danger for what should appear reasonable belief of danger on the part of appellant.    It is not an inquiry as to what the danger actually was, but what to appellant the danger appeared to be, so that evidence tending to show that there was no danger, unless that evidence or that fact testified to entered into the grounds upon which appellant acted, was not competent.    The inquiry always is as to what the danger was as it appeared to the accused, and not what the danger actually was. In this connection the fifth instruction is misleading.    The first part of it is as follows: "If at the time of the alleged shooting the defendant had reasonable grounds to believe and did believe that James Ferguson was then about to take his life or inflict upon him great bodily harm, then he had the right, under the laws of self-defense, to use such violence towards said Ferguson as, at the time, in the exercise of a reasonable judgment, seemed necessary for the protection of his person."    This instruction left it to the jury to say whether it appeared to them necessary for appellant to do the shooting in order to protect himself, while the instruction should have gone to the facts as they appeared to appellant.

For the errors indicated the case must be reversed, but in doing so we do not wish to be understood as approving the manner in which the instructions are drawn.

Judgment *reversed* and cause remanded with directions for further proceedings.

*Buckner & Allen, Breckinridge & Shelby, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Munday v. Commonwealth,* 81 Ky. 233, 5 Ky. L. 67.]